IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV956 |
| | ) | |
| NORTH CAROLINA DEPT. OF | ) | |
| ADULT CORRECTIONS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

O R D E R

Plaintiff seeks to proceed in this action *in forma pauperis.* In reliance upon the representations set forth in the request, the Court finds that Plaintiff's prison trust account had deposits of $238.40 in the six months immediately preceding filing of this complaint and it is, therefore, determined that Plaintiff must make an initial partial payment of the fees in this matter.

Plaintiff also filed a Motion (Docket No. 3) seeking an appointment of counsel. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances

exist in any particular case hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated in part on other grounds</u>, <u>Mallard v. United States Dist. Ct. for S.D. of Iowa</u>, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist." <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for the claims listed in the Complaint and does not lack the capacity to present those claims. If circumstances change, the Court can revisit the matter. For now, however, the Motion seeking counsel will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied without prejudice and that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff shall, within sixty (60) days after the date of this Order, submit to the Clerk an initial payment of $7.95 (which represents 20% of the greater of the average monthly deposits into or the balance in Plaintiff's account for the 6-month period immediately preceding filing of this complaint).

2

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to Plaintiff's account starting with the month of January of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:24CV956, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service procedures be stayed until Plaintiff has either (1) submitted to the Court the initial payment noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that Plaintiff has not had access to any funds for the initial payment noted above for the 60-day period.

3

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 4th day of December, 2024.

/s/  Joe L. Webster
United States Magistrate Judge

4