THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-cv-00956- WO-JLW

| | | |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| v. | ) | **SUPPORT OF MOTION TO DISMISS** |
| | ) | **PLAINTIFF'S COMPLAINT OF** |
| NORTH CAROLINA DEPT. OF ADULT | ) | **DEFENDANT KELLY DENNIS, RFNP** |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COMES** Defendant Kelly Dennis, RFNP ("RFNP Dennis" or "this Defendant"), through counsel, and respectfully submits this Memorandum of Law in support of her Motion to Dismiss Plaintiff Michael Louis Frazier's ("Plaintiff") Complaint, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Rule 9(j) of the North Carolina Rules of Civil Procedure, and other statutory authority including 28 U.S.C. § 1915(g).

## STATEMENT OF THE NATURE OF THE CASE

Plaintiff initially filed this §1983 action on November 18, 2024, attempting to allege that he did not receive timely and appropriate medical care during his incarceration at Scotland Correctional Institution and Pender Correctional Institution [DE 1]. The Court has not yet completed its frivolity review to allow the Plaintiff to proceed on his claims contained in his Complaint. RFNP Dennis filed her executed Waiver of Service on March 14, 2025 [DE 9]. RFNP Dennis likewise timely filed her Motion for Extension of Time to Respond to Plaintiff's Complaint on March 14, 2025 [DE 11]. The Court entered a Text Order granting this Defendant's Motion for an Extension of Time or respond to Plaintiff's Complaint until April 7, 2025 on March 18, 2025.

RFNP Dennis now timely submits this Memorandum of Law in support of her Motion to Dismiss Plaintiff's Complaint, seeking dismissal with prejudice on multiple grounds.

1

## STATEMENT OF THE FACTS

Plaintiff attempts to assert this 42 U.S.C. § 1983 claim against thirty-four defendants including RFNP Dennis through the 8th Amendment, arising from purported deliberate indifference to his medical needs through delays by multiple Defendants in responding to his requests to be approved for gender dysmorphia surgery. Plaintiff, a prisoner with the North Carolina Department of Adult Corrections was, at all times relevant to his claims, incarcerated at Scotland and Pender Correctional Institutions. [DE 1]. Plaintiff brings this lawsuit against RFNP Dennis in her individual and official capacities, averring that she, as well as all the other defendants, were working under the color of state law. [DE 1, ¶ 30 ].

Plaintiff's Complaint alleges that RFNP Dennis is a nurse practitioner at Scotland Correctional Institution who "documents and determines the existence of any medical infirmities" and is "the primary source of treatment for any infirmity diagnosed." [DE 1, ¶ 30 ]. Nowhere in his Complaint does Plaintiff identify any describe any care which RFNP Dennis may have provided, any allegations or alleged negligence or constitutional violations by RFNP Dennis. Accordingly, he does not provide any specific dates of service by RFNP Dennis upon which any such alleged failures of care or failures to document any medical infirmities by RFNP Dennis occurred or may have occurred. He does not describe how any failures on her part or how any such failure may have violated his rights. Further, Plaintiff does not plead any allegations in his Complaint suggesting how RFNP Kelly, as a nurse practitioner, even had the ability to make the decision to approve Plaintiff for gender dysmorphia surgery.

Indeed, Plaintiff's Complaint lacks any description of any alleged wrongdoing on the part of RFNP Dennis, failing to state a claim against her on any basis.

2

Plaintiff seeks declaratory and injunctive relief, and compensatory damages from RFNP Dennis and thirty- three (33) other defendants [DE 01 ¶¶ 34].

**ARGUMENT**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. F. R. Civ. P. (12)(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim for which relief could be granted under Rule 12(b)(6), the Court must determine whether the complaint alleges sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In considering the "factual plausibility" of a claim, the Court "must draw on its judicial experience and common sense" to determine whether the well-pleaded facts of the complaint "permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. A legally sufficient complaint must "contain more than labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Id.*, 556 U.S. at 678. The Court is not obligated to accept as true unwarranted inferences or unreasonable conclusions or arguments. *Philips v. Pitt County Memorial Hospital.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations and internal quotation marks omitted).

Here, Plaintiff's Complaint, as explained in this Memorandum, does not contain, even when considering his allegations in the light most favorable to him, "unwarranted inferences or unreasonable conclusions or arguments" as to any alleged misconduct or negligence by RFNP Dennis, leaving her without any notice of Plaintiff's allegations against her. *Philips*, 572 F.3d at 180. This Court should therefore grant RFNP Dennis' Rule 12(b)(6) Motion to Dismiss.

3

**I.     PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT VIOLATION FOR A SECTION 1983 CAUSE OF ACTION, SUBJECTING PLAINTIFF'S COMPLAINT TO DISMISSAL.**

To recover under 42 U.S.C. § 1983, Plaintiff must (1) clearly identify the protected Constitutional right that was violated, and (2) set forth sufficient factual allegations to support such violations. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that to state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States"). Claims under § 1983 based on an alleged lack of or inappropriate medical treatment must fall within the Eighth Amendment's prohibition against cruel and unusual punishment, as applicable to the states through the Fourteenth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *see also Whitley v. Albers,* 475 U.S. 312, 317 (1986) (holding that the Fourteenth Amendment is not an alternative basis for relief, independently of the Eighth Amendment).

In order to state an Eighth Amendment claim for inadequate medical care, a prisoner must allege that prison officials were deliberately indifferent to his serious medical needs. *Estelle,* 429 U.S. at 104. First, the prisoner must first show that the medical need is sufficiently serious. *Id.* Second, the plaintiff must show deliberate indifference on the part of treating officials. *See, e.g., Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Deliberate indifference is a high standard; a showing of negligence will not suffice. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Instead, officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care. *Estelle*, 429 U.S. at 104–05, 97 S. Ct. 285.

As the Fourth Circuit explained in *Miltier*, the 'deliberate indifference' standard is very difficult to meet:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must

> be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.

*Miltier,* 896 F.2d at 851 (citations omitted).

Due to the high standard of proof required to show deliberate indifference, every claim by a prisoner that he or she has received inadequate medical treatment does not state a claim under the Eighth Amendment sufficient to overcome a motion to dismiss. *Estelle*, 429 U.S. at 106. For example, allegations of mere malpractice or negligence in diagnosis and treatment fail to state a claim for relief under § 1983. *Id.* at 105-06. Further, misdiagnosing an inmate's injury does not render the physician deliberately indifferent towards the inmate. *Bridges v. Keller*, 519 Fed. Apprx. 786, 787 (4th Cir. 2013). "[A]n 'error of judgment' on the part of prison medical staff or 'inadvertent failure to provide adequate medical care,' while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983." *Wynn v. Mundo*, 367 F. Supp.2d 832, 837 (M.D.N.C. 2005) (citations omitted).

For example, in *Estelle*, the incarcerated plaintiff claimed that his treating physician failed to correctly diagnose a back injury and inadequately treated him, which plaintiff constituted deliberate indifference to his serious medical need. *Estelle*, 429 U.S. at 107. Our Supreme Court rejected this contention and dismissed the plaintiff's deliberate indifference claim under Rule 12(b)(6), noting that questions about correct diagnoses and treatment options were examples of "matter[s] for medical judgment," and that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Id.*

As an initial matter, Plaintiff does not allege that RFNP Dennis provided any treatment to him or inadequately treated him. At most, Plaintiff's Complaint might be interpreted as faulting RFNP Dennis for not approving Plaintiff's request for gender dysmorphia surgery, which, as in

*Estelle,* does not constitute "cruel and unusual punishment." *Id.* Such allegations cannot satisfy either the objective or subjective prong of a deliberate indifference claim.

Plaintiff's Complaint fails to state a claim for relief under § 1983, per the *Estelle* case. *Id.* at 105-06. Plaintiff never identifies any dates in which he was seen, evaluated or treated by RFNP Dennis. Plaintiff does not articulate in his Complaint whether any alleged delay in his request for approval for gender dysmorphia surgery, in and of itself, proximately caused any injury. In this case, unlike *Estelle,* Plaintiff's Complaint does not even contain conclusory allegations of "mere malpractice or negligence in diagnosis and treatment" which, if it did, would still fail to state a claim for relief under § 1983. *Id.* at 105-06.

Even if Plaintiff's Complaint somehow satisfied the objective component of a deliberate indifference claim, he still cannot make a subjective showing that this Defendant's conduct was grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair, as is required to state a deliberate indifference claim. *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990). Plaintiff may have been dissatisfied with RFNP Dennis in ways which are not described in his Complaint, but that dissatisfaction does not constitute grounds for an Eighth Amendment claim for inadequate medical care through 42 U.S.C. § 1983. For example, he seems to fault RFNP Dennis for not approving Plaintiff for gender dysmorphia surgery, but he does not plead any allegations establishing whether RFNP Dennis, as a nurse practitioner, even had the ability to make the decision to approve Plaintiff for gender dysmorphia surgery. Prison medical providers cannot practice beyond the scope of their licenses and training, and provide inmates with every request they may make, as Plaintiff alleges RFNP Dennis should have done.

The allegations contained in Plaintiff's Complaint cannot constitute deliberate indifference to a serious medical need as they do not describe treatment which was "so grossly

6

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier,* 896 F.2d at 851 (citations omitted). Indeed, Plaintiff's allegations do not describe any treatment at all.

Given that Plaintiff does not describe any treatment or describe any specific actions for which he blames RFNP Dennis, Plaintiff cannot establish that he filed his Complaint within the applicable statute of limitations.

**II. PLAINTIFF'S COMPLAINT SOUNDS IN MEDICAL NEGLIGENCE UNDER STATE LAW, SUBJECTING THIS CASE TO DISMISSAL UNDER RULE 9(j) OF THE NORTH CAROLINA RULES OF CIVIL PROCEDURE AND THE STATE TORTS ACT.**

Whether an action is a medical malpractice action or an ordinary negligence action is a creature of statute, regardless of a plaintiff's perception of his claim. *Gause v. New Hanover Regional Med. Ctr.,* 251 N.C. App. 413, 418, 795 S.E.2d 411, 416 (2016). Even if this Court treats Plaintiff's claim as an ordinary negligence claim as opposed to a medical malpractice action, it is still subject to dismissal under the state torts act.

At the outset, under North Carolina General Statutes Section 90-21.11(2)(a), a medical malpractice action arises out of the furnishing of professional services. N.C. Gen. Stat. § 90-21.11(2)(a). Professional services are "an act or service arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." *Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 628, 652 S.E.2d 302, 305 (2007) (citations and internal quotation marks omitted).

Medical malpractice claims are those alleging injury resulting from activity that required clinical judgment and intellectual skill. *Id*. at 630, 652 S.E.2d at 306; *Alston v. Granville Health Sys.*, 221 N.C. App. 416, 421, 727 S.E.2d 877, 881 (2012). In contrast, ordinary negligence claims

7

allege injury "…caused by acts and omissions in a medical setting that were primarily manual or physical and which did not involve a medical assessment or clinical judgment." S*ee, e.g., Horsley v. Halifax Reg'l Med. Ctr., Inc.*, 220 N.C. App. 411, 725 S.E.2d 420 (2012).

Plaintiff's Complaint, at most, focuses on this Defendant's clinical judgment and intellectual skill. Plaintiff takes issue with RFNP Dennis' alleged failure to approve his request for approve for gender dysmorphia surgery. Plaintiff's Complaint alleges that RFNP Dennis is a nurse practitioner at Scotland Correctional Institution who "documents and determines the existence of any medical infirmities" and is "the primary source of treatment for any infirmity diagnosed." [DE 1, ¶ 30 ]. Plaintiff, at most, criticizes this Defendant's medical judgment when in not approving his request for gender dysmorphia surgery. Plaintiff's allegations pertain to medical assessments, clinical judgments and decisions, and cannot constitute an ordinary negligence claim.

Accordingly, Plaintiff's claim sounds in medical malpractice signifying that he needed a Rule 9(j) certification in his Complaint to avoid dismissal. A plaintiff must comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, alleging *res ipsa loquitur* (not alleged here), or alleging that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care…." N.C. Gen. Stat. Ann. 1A-1, Rule 9(j)(2019). *See, e.g.*, *Thigpen v. Ngo*, 355 N.C. 198, 201–02, 558 S.E.2d 162, 164–65 (2002) ("stating that no other subsection [of Rule 9] contains the mandatory language 'shall be dismissed,'" as does subsection (j)). Plaintiff's failure to comply with Rule 9(j) subjects his case to mandatory dismissal. *Id.*

8

In any event, Plaintiff makes general references in his Complaint to treatment he believes he should have received, i.e., alleging that he should have received approval for gender dysmorphia surgery, which he contends resulted in injury. [DE 1, ¶ V, C ]. Those claims are subject to dismissal not just because North Carolina law provides strict requirements for maintaining medical malpractice actions, but also because North Carolina law provides that state law claims arising out of alleged negligence of state employees or agents are *only* permitted under the state torts act. N.C.G.S. § 143-291(e) (emphasis added).

Here, Plaintiff brings this lawsuit against RFNP Dennis in her individual and official capacities, averring that she, as well as all the other defendants, were working under the color of state law. [DE 1, ¶ 30 ]. However, Plaintiff did not bring this case pursuant to the state torts act. It therefore fails and must be dismissed regardless of whether it is ultimately classified as a medical malpractice or negligence claim under state law.

## III.    QUALIFIED IMMUNITY BARS PLAINTIFF'S § 1983 CLAIMS AGAINST RFNP DENNIS.

Government officials and contracted agents of the government, including NP Kearney, are entitled to qualified immunity from civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). *See also Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (reasoning that lawsuits against a government employee in his or her official capacity represents  another way of pleading an action against an entity of which the officer is an agent). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the

9

time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011).

To survive a motion to dismiss based on qualified immunity, a court must inquire into "whether a reasonable officer could have believed that their actions or omissions, as alleged in the complaint, were unlawful. *Mays v. Sprinkle*, 992 F.3d 295, 302 n.5 (4th Cir. 2021). Qualified immunity turns on whether "any reasonable official in the defendant's shoes would have understood that he was violating" that objective and subjective standard. *Id.* (citing *Kisela v. Hughes*, 584 U.S. ---, 138 S. Ct. 1148, 1153 (2018)). Without allegations that satisfy both the objective and subjective elements, the officer has a right to dismissal under Rule 12(b)(6) based on qualified immunity. *Id.* The test is not if in hindsight the action was wrongful, but whether it was clearly forbidden. *Rogers v. Pendleton*, 249 F.3d 279, 286 (4th Cir. 2001) (citation omitted).

Here, Plaintiff's Complaint purport to assert claims against this Defendant in her individual and official capacities, averring that she was working under the color of state law. [DE 1, ¶¶ 30]. Plaintiff alleges that RFNP Dennis was a government official for the purposes of this analysis. As discussed at length, above in Section I, Plaintiff's allegations do not establish that RFNP Dennis would have had any reason to believe that her treatment of Plaintiff was "clearly forbidden." In fact, Plaintiff does not indicate in his Complaint whether RFNP Dennis even provided any treatment. Instead, Plaintiff faults RFNP Kearney for not approving Plaintiff for gender dysmorphia surgery [DE 1, ¶¶ 30]. However, Plaintiff does not plead any allegations in his Complaint describing what she did or did not do in not approving this surgery or establishing how RFNP Dennis may have had such ability to approve Plaintiff's request for gender dysmorphia surgery or indicating whether the requested surgery represented a life threatening condition.

10

Nothing about these allegations raises any inferences that RFNP Dennis would have known that her actions establish or even suggest a violation of Constitutional rights. As Plaintiff's Complaint does not sufficiently plead a constitutional violation as to RFNP Dennis, she is protected from Plaintiff's claims through qualified immunity.

In any event, liability under 42 U.S.C. § 1983 based on an official capacity claim only arises when "an action pursuant to official municipal policy of some nature caused a constitutional tort." *Simmons v. Corizon Health, Inc.,* 122 F. Supp. 3d 255, 268 (W.D.N.C. 2015) (citing *Monell*, 436 U.S. at 691 95, 98 S. Ct. 2018. RFNP Dennis cannot be sued in her official capacity as Plaintiff has not alleged in either Complaint that any municipal policy caused a constitutional tort.

Accordingly, Plaintiff's claims against this Defendant in her official and individual capacities must be dismissed.

## CONCLUSION

For the reasons stated herein and the authorities cited in support thereof, Defendant Kelly Dennis, RFNP respectfully requests that this Court dismiss, with prejudice, this case as Plaintiff fails to properly allege deliberate indifference to a serious medical need under 42 U.S.C. § 1983 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; fails to allege medical or ordinary negligence and is barred by the state torts act; on the further basis that this case is barred by qualified immunity; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this, the 7th day of April, 2025.

**HALL BOOTH SMITH, P.C.**

By:     /s/ Maria Papoulias Wood
          Maria Papoulias Wood
          N.C. State Bar No. 28010
          *Attorney for Defendant Kelly Dennis,*
          *RFNP*

11

5420 Wade Park Boulevard, Suite 130
Raleigh, North Carolina 27607
Telephone: (984) 247-8880
Facsimile: (984) 220-8110
mwood@hallboothsmith.com

12

THE UNITED STATES DISTRICT COURT<br>
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA<br>
1:24-cv-00956- WO-JLW

| | | |
|---|---|---|
| MICHAEL LOUIS FRAZIER | ) | |
| | ) | **CERTIFICATE OF COMPLIANCE** |
| v. | ) | **WITH LOCAL RULE 7.3(d)(1)** |
| | ) | |
| NORTH CAROLINA DEPT. OF | ) | |
| ADULT CORRECTIONS, et al., | ) | |

As required by Local Rule 7.3(d)(1), the undersigned hereby certifies that the foregoing Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint of Defendant Kelly Dennis, RFNP does not exceed the 6,250 word count limit.

Respectfully submitted this, the 7th day of April, 2025.

**HALL BOOTH SMITH, P.C.**

By: /s/ Maria Papoulias Wood
   Maria Papoulias Wood
   N.C. State Bar No. 28010
   *Attorneys for Defendant Kelly Dennis,*
   *RFNP*
   5420 Wade Park Boulevard, Suite 130
   Raleigh, North Carolina 27607
   Telephone: (984) 247-8880
   Facsimile: (984) 220-8110
   mwood@hallboothsmith.com

13

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-cv-00956- WO-JLW

MICHAEL LOUIS FRAZIER            )
                                 )
v.                               )
                                 )        **CERTIFICATE OF SERVICE**
NORTH   CAROLINA   DEPT.   OF    )
ADULT CORRECTIONS, et al.,       )

The undersigned hereby certifies, pursuant to Rule 5 of the Federal Rules of Civil Procedure, that on this date I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANT KELLY DENNIS, RFNP** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| J. Locke Milholland, IV<br>N.C. Department of Justice, Public Safety Section<br>114 W. Edenton Street<br>Raleigh, NC 27602<br>Email: jmilholland@ncdoj.gov<br><br>*Attorneys for Defendants, North Carolina Department of Adult Corrections, Sarah Cobb, Sgt. Cameron Evans, Brande Shawn Harris, Officer John Hunt, Captain Helena Locklear, Mr. Justin Hardee, Sgt. H. Wayne Timmons, Amanda Ruiz, Charlotte Williams, Valerie Langley, Sgt. Rene' Hernandez, Officer Kenneth Robert Martin, Louie Oxendine, Josh Panter, Lewis Jonathan Peiper, Ph.D., Timothy Jones, Todd Ishee, Dr. Sara Collins, Jessica Laub, Amanda Faulk, Terri Catlett and Gary Junker* | Jennifer D. Maldonado<br>Batten McLamb Smith, PLLC<br>4141 Parklake Avenue, Suite 350<br>Raleigh, NC  27612<br>Email:  jmaldonado@battenpllc.com<br><br><br>*Attorneys for Defendants, Arthur L. Campbell Dr. Brian Sheitman, P.A. Carmen Hendricks. Abhay Agarloah, P.A. and RFNP Diane Browning* |

The undersigned hereby certifies, pursuant to Rule 5 of the Federal Rules of Civil Procedure, that on this date that a copy of the foregoing was served on the following party to this action by depositing a copy of the same in the United States Mail postage prepaid and addressed to the following non-CM/ECF participant:

14

Michael Louis Frazier, OPUS #:  0966292
a/k/a "Ms. LuluBell Michelle Frazier"
Scotland Correctional Institution
22385 McGirts Bridge Road
Laurinburg, NC  28353

Respectfully submitted, this the 7th day of April, 2025.

**HALL BOOTH SMITH, P.C.**

By:    <u>/s/ Maria Papoulias Wood</u>
Maria Papoulias Wood
N.C. State Bar No. 28010
*Attorneys for Defendant Kelly Dennis,*
 *RFNP*
5420 Wade Park Boulevard, Suite 130
Raleigh, North Carolina 27607
Telephone: (984) 247-8880
Facsimile: (984) 220-8110
mwood@hallboothsmith.com

15