|  |  |  |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) | |
| | ) | **DEFENDANT BEUTLER's** |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO HAVE HER FOR** |
| v. | ) | **EXTENSION OF TIME TO ANSWER** |
| | ) | **OR RESPOND TO PLAINTIFF'S** |
| NC DEPARTMENT OF ADULT | ) | **COMPLAINT [D.E. 1] DEEMED** |
| CORRECTION, ET AL, | ) | **TIMELY FILED** |
| | ) | |
| Defendants | | **FED R.CIV.P. 6** |

NOW COMES Defendant Mary Beutler, by and through counsel, Special Deputy Attorney General J. Locke Milholland, IV, for the limited purpose of securing an extension of time, and motion to have that motion deemed timely, and hereby submits her memorandum in support of her motion for an order allowing her motion for extension of time to answer Plaintiff's Complaint [D.E. 1] deemed timely filed. In support, Defendant Beutler shows as follows:

**STATEMENT OF THE CASE AND FACTS**

Plaintiff, Michael Louis Frazier, is an inmate in the custody of the North Carolina Department of Adult Correction ("NCDAC") who commenced this action by filing a *pro se* Complaint on November 18, 2024, pursuant to 42 U.S.C. §1983. [D.E. 1] Plaintiff named 31 people and the Department of Adult Correction as Defendants, specifically:

a. North Carolina Department of Adult Correction ("DAC"), Todd E. Ishee, Brandeshawn Harris, Gary Junker, Dr. Lewis Jonathan Peiper, Josh Panter, Sarah Cobb, Jessica Laub, Dr. Collins, Dr. Carmen Hendricks, Charlotte Williams, Terri

Catlett, Elton Amos, Valerie Langley, Timothy Jones, Mrs. Amanda Ruiz, Sgt. Rene Hernandez, Sgt. Cameron Evans, Sgt. Richard Wargo, Officer Kenneth Martin, Captain Helena Locklear, Sgt. Wayne Timmons, Officer John Hunt, Amanda Faulk, Officer Ms. Mary Beutler, Mr. Ozidine, Officer Mr. Justin Hardee (DAC Defendants);

b. Dr. Arthur Campbell, DR. Brian Sheitman, Abhay Agarloah, FNP Diane Browning, (represented by Jennifer D. Maldonado);

c. RFNP Kelly Dennis, (represented by Maria Papaulias Wood).

On December 5, 2024, the court entered an order allowing Plaintiff to proceed with his case as an indigent. [D.E. 5] On January 16, 2025, the court issued a notice of waivers sent to the NC DAC, indicating waivers are due by March 17, 2025. [D.E. 6] On March 14, 2025, Attorney Wood appeared on behalf of Defendant Dennis and filed her waiver, and moved for an extension of time to answer, up to and including April 7, 2025, which was granted. [D.E. 8, 9, 11] On March 17, 2025, Attorney Maldonado appeared on behalf of Defendants Campbell, Hendricks, Sheitman, Argoloah, and Browning, and filed their waivers of service. [D.E. 12-18] Also on March 17, 2025, DAC Defendants, with the exception of Richard Wargo and Beutler filed waivers of service and Notices Under Seal for issuance of summons were filed for Wargo and Beutler. [D.E. 19, 20]

On March 20, 2025, summonses were issued as to Wargo and Beutler. [D.E. 21] On April 4, 2025, the summons was returned executed for Richard Wargo, causing his answer to be due on April 23, 2025. [D.E. 22] On April 7, 2025, Defendant Dennis moved to dismiss Plaintiff's Complaint. [D.E. 23, 24]

On April 8, 2025, the summons for Mary Beutler was returned as having been served on March 31, 2025, causing her answer to be due on April 21, 2025. [D.E. 26] On April 9, 2025,

Plaintiff notified the court of a change of address. [D.E. 27]

Additional time is needed to request representation and answer, or respond on behalf of Defendants Wargo and Beutler and Defendants so moved.. Mary Beutler was served on March 31, 2025, at her home by a U.S. Marshall who left a copy of the Complaint and Summons with a resident over the age of 18, however, Ms. Beutler was out of town at the time and did not return until several days later and was therefore confused about the actual date of service. Notwithstanding, she had contacted the prison facility, who told her she did not have to worry about it because the Attorney General's Office was taking care of it, but the facility then failed to contact the General Counsel's office or the Attorney General's office to let us know service was effectuated. Consequently, Undersigned only found out Defendant Beutler was served when checking the docket to prepare this motion. Defendants Wargo and Beutler filed a motion for an extension of time to answer, up to and including May 16, 2025, the date for which the answer of DAC Defendants served by waiver is due. Defendant Beutler hereby moves to have her motion deemed timely filed.

QUESTIONS PRESENTED

I.      Should this court deem Defendant Leonard's Motion for Enlargement of Time to File his Answer timely filed?


**STANDARD OF REVIEW**

"Questions of trial management are quintessentially the province of the district courts." *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013), quoting *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); see also, e.g*., Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 194 (4th Cir. 1982) (noting that "many details of trial management" are "necessarily committed to broad trial court discretion").

3

## LEGAL ARGUMENT

grounds support the Motion.

### I. THE FILING OF AN ANSWER OR OTHER FILING BEFORE AN ENTRY OF DEFAULT CURES ANY INCHOATE DEFAULT

In this matter, Plaintiff has not filed a motion for entry of default, nor has the clerk entered a default against Defendants. Rule 55 of the Federal Rules of Civil Procedure addresses defaults in federal courts for failure to answer or defend in a proceeding. The first step in the two-step default procedure established by Rule 55 is the entry of default. Rule 55(a) addresses entry of default and provides as follows:

> **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and **that failure is shown by affidavit or otherwise, the clerk must enter the party's default**.

Fed. R. Civ. Pro. Rule 55(a)(emphasis added). Thus, Rule 55(a) requires affirmative action on the part of the moving party.

In this case, the plaintiff has not taken an affirmative step of demonstrating the default and moving for entry of default. Therefore, entry of default has not been granted or filed. Instead, Defendant has filed an answer prior to the entry of default. Rule 55 does not address the situation, as in the instant case, in which an answer has been filed before the Plaintiff has moved for an entry of default and the clerk has not filed an entry of default.

Unfortunately, as one court from the Eastern District of North Carolina has noted, there is a "surprising lack of authority on the specific point." *Hudson v. North Carolina,* 158 F.R.D. 78, 80 (E.D.N.C. 1994). In *Hudson*, the court faced a similar situation except that instead of an answer being filed after the response deadline, the defendant had filed a motion to dismiss. *Id.* The court reasoned that a motion to dismiss was "otherwise defend[ing]" as set forth in Rule 55(a), therefore there was not a distinction between a motion to dismiss and an answer. *Id.* The court then concluded "that the

4

lateness of the filing of the Rule 12 motion is irrelevant because the Defendant's motion was filed before the Plaintiff's Motion for Default Judgment." *Id*. The court further stated:

> At the time the Plaintiff moved for default judgment, Defendants were no longer in default. **Their filing, however late, cured their default and thereafter entry of default would not be appropriate.**

*Id*. (emphasis added).

The rationale of the holding in *Hudson* has been followed by a number of cases including a case in the Middle District of North Carolina. In *Zander v. Saxon Mort. Serv.*, one of the two defendants had untimely filed its answer and motion to dismiss. 2014 U.S. Dist. LEXIS 183740, *2-3 (M.D.NC. November 5, 2014) *aff'd*. 599 Fed. Appx. 521(4th Cir. 2015). The plaintiff moved for entry of default more than seven (7) months after the defendant filed its answer and motion. *Id*. The Honorable William L. Osteen cited *Hudson* in holding that any default by the defendant had been cured by the filing of the answer. *Id*. at *6-7. Importantly, the *Zander* district court ruling was appealed to the Fourth Circuit Court of Appeals where, in a *per curiam* ruling, the Fourth Circuit found "no reversible error." *Zander v. Saxon Mort. Servs.*, 599 Fed. Appx. 521, 521-22 (4th Cir. 2015).

North Carolina case law is in accord with the *Hudson* and *Zander* cases. Using the Federal Rules as a framework and with the same structure and language as Federal Rule 55, North Carolina courts long ago definitively addressed this very issue. In *Peebles v. Moore,* the North Carolina Supreme Court held that "defaults may not be entered after answer has been filed, even though the answer be late." 302 N.C. 351, 356, 275 S.E.2d 833, 836 (1981)(emphasis added); *see also Newton, Inc. v. Tull,* 75 N.C. App. 325, 330 S.E.2d 664, 666 (1985) (citing *Peebles v. Moore)*. This result is logical since the filing of an answer should cure any inchoate claim of default for which entry or judgment of default is not sought by the opposing party and that is not documented by an entry of

default. Securing an extension of time for filing an answer should have the same effect.

II.   **SECTION 1997e(g) OF TITLE 42 OF THE U.S. CODE PRECLUDES ENTRY OF DEFAULT IN PRISONER CASES WITHOUT A CLEAR, DISTINCT REQUEST BY THE COURT FOR A RESPONSE FROM A DEFENDANT**

Subsection (g) of 42 U.S.C. §1997e provides as follows:

(g) Waiver of reply

(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. **Notwithstanding any other law or rule of procedure**, such waiver shall not constitute an admission of the allegations contained in the complaint. **No relief shall be granted to the plaintiff unless a reply has been filed.**

(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g)(emphasis added).  The courts addressing this section, including the United States Supreme Court have employed a plain language interpretation to hold that this subsection supersedes Rule 55 and prevents the court from entering default or default judgment in the context of Section 1983 suits by prisoners.  In *Jones v. Block*, in the context of interpreting whether exhaustion of remedies must be affirmatively stated, a unanimous Court stated as follows:

[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint.  See 42 U.S.C. § 1997e(g)(1), (2).

549 U.S. 199, 213-14.

Moreover, in *Thomas v. Lawler,* a court in the Middle District of Pennsylvania addressed the situation in which the court granted an extension of time to respond to an amended complaint and "**directed Defendants to respond to the Amended Complaint** by August 22, 2011."  2012 U.S. Dist. LEXIS 86240*, *2 (M.D. Pa, June 21, 2012)(emphasis added).  The Defendants did not file a

6

response and the plaintiff obtained an entry of default. (*Id*.) Defendants subsequently moved to set aside the entry of default. (*Id*.)

In ruling to set aside the entry of default, the court specifically addressed the issue of whether the order granting the extension of time and **"direct[ing]"** the defendants to answer the amended complaint (the "Extension and Directive Order") was the notice to the defendants that they were required to file a response that is provided for in subsection (2) of Section 1997e(g). The court ruled that the Extension and Directive Order was not sufficient to invoke a requirement that the Defendants answer or otherwise defend. The court concluded that the Defendants could waive the right to file a response, even after obtaining an order extending the time to respond which contained language directing defendant to respond by a certain date. (*Id*. *5) The court concluded that the language of the notice to defendants requesting a response must specifically state that the notice is "under the authority of section 1997e(g)." (*Id*.) Accordingly, Section 1997e(g) precludes Plaintiff from proceeding pursuant to Rule 55(a) without a specific notice from the Court invoking the authority of Section 1997e(a).

## III.    THE PLAINTIFF WILL NOT BE PREJUDICED AND GOOD CAUSE EXISTS

Excusable neglect can be found for a counsel's inadvertence, mistake, or carelessness if injustice would otherwise result. *Symbionics Inc., v. Ortlieb*, 432 Fed. Appx. 216, 220 (4th Cr.); *Thompson v. E.I. DuPont de mNemours and Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996); *Pioneer Investment Services Co. v. Brunswick Associates Ltd Partnership,* 507 U.S. 380, 388 (1993). In *Symbionics*, injustice did not exist when there was a failure to timely file a notice of appeal because the court would have affirmed the trial court decision if appealed. *Symbionics,* 432 Fed. Appx., at 220. In this case, the deadline was missed due toa failure to communicate the fact of service by the

7

prison to legal counsel and Defendant's misunderstanding of her official service date. *Reavis v. Stevens*, 2021 U.S. Dist. Lexis 59148 (W.D.N.C. 2021) (Calendaring errors fall under excusable neglect.) Additionally, this is not merely a calendaring issue as the Defendant attempted to let appropriate people know of service, but that communication broke down. Unlike in Symbionics, injustice exists here in that Defendants would be prejudiced from not sufficiently having issues litigated and narrowed or eliminated on the merits.

Further, resolution of disputes on the merits is highly favored." *Greene v. Lassiter*, No. 1: 19-cv-00224-MR, 2020 WL 5645334, at *3 (W.D.N.C. Sept. 22, 2020) (unpublished); see *Laber v. Harvey*, 438 F .3d 404,426 (4th Cir. 2006); *Tolson v. Hodge*,411 F.2d 123,130 (4th Cir. 1969).

Here, Defendant, to no fault of her own, would be denied an opportunity to have her defense heard on the merits and valid legal defenses. But for the failure to communicate by the prison, she would have and desires to have a response to Plaintiff's complaint and to present her defenses on the merits. The short amount of time passing, one day, in which it took for Undersigned to move for an extension correcting the missed deadline eliminates any perceived prejudice experienced by the Plaintiff, waivered Defendants have not had their Answer deadline come due, and because Undersigned is still working on agency approval to represent all served Defendants, litigation is not delayed or impeded by an untimely motion.

**CONCLUSION:**

For the forgoing, Defendant Beutler's motion to have her motion for enlargement of time to file her answer timely filed should be granted.

This the 22nd day of April, 2025.

**Jeff Jackson**
**ATTORNEY GENERAL**

8

9

/s/ J. Locke Milholland, IV  
J. Locke Milholland, IV  
Special Deputy Attorney General  
N.C. State Bar No.  35449  
N.C. Department of Justice  
Public Safety Section  
P.O. Box 629  
Raleigh, North Carolina 27602-0629  
Telephone: (919) 716-6540  
Facsimile: (919) 716-6761  
E-Mail:  jmilholland@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the above date, I filed electronically a copy of the foregoing utilizing the CM/ECF System.  I also certify that, on the date below, I caused Plaintiff, a *non-CM*/ECF participant, to be served a copy of the foregoing document by depositing a copy of same in the United States mail, first-class postage prepaid, addressed as follows:

> Maria Papaulias Wood
> Hall Booth Smith, P.C.
> 5420 Lake Park Blvd., Ste 130
> Raleigh, NC 27607
> 984-247-8882
> Email: mwood@hallboothsmith.com
> Michael Louis Frazier
> OPUS No. 0966292
> Nash CI
> PO Box 600
> Nashville, NC 27856
> *Pro Se Plaintiff*

This the 22nd day of April, 2025.

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General

10