THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00956-WO-JLW

Michael Louis Frazier,
    Plaintiff,

v.

North Carolina Dept.
of Adult Corrections
et al.,
    Defendants.

) MEMORANDUM OF LAW IN
) OPPOSITION to DEFENDANTS
) MOTION TO DISMISS
) PLAINTIFF' COMPLAINT
)
)
)
)
)
)

1. Plaintiff Michael Frazier, Pro se, ("Plaintiff"), and respectfully submitts this memorandum of Law in opposition of Defendant Kelly Dennis, RFNP, Motion to Dismiss Plaintiff Complaint, Pursuant to Rule 8(a), Rule 12(b)(6) of the federal Rules of Civil Procedure, Rule 4(j) of the North Carolina Rules of Civil Procedure.

STATEMENT OF THE FACTS

2. Plaintiff shipped to Scotland C.I. on May the 29th 2025, was housed in Blue unit in Mental Health Program, Dr. Kelly Dennis is the, was Unit Medical Provider for the Plaintiff until January of 2025.

3. During this time Dr. Dennis "Defendant" was primary Medical Provider, For All medical Care, she Tried Three times to Prescribe Nair to treat Plaintiff's Gender Dysphoria, Plaintiff Was distressed by Body hair Removal.

4. Dr. Dennis was limited by Policy Procedural Process and Routine Practice of the Medical Utilization Review and Divison Transgender Evaluation managment of offenders ("UR") and ("D-TARC"), which Denied the UR'sand D-TARC Review Request's for Nair,

5. On September 17th day of 2024 Dr. Dennis Prescribed Finasteride 5mg Tab's, which is a medication Commonly used to stop the growth of Body hair to treat the Clinical Distress of Plaintiff's "GD", This was prescribed due to "Routine Practice" to deny Transgenders Further Medical treatment.

6. Other Prison Doctor's had tried to get "UR" oR "D-TARC" Approval for prescribed Nair also, these Requests were NOT Approved.

2

7. Plaintiff had sever side Effects to the Finasteride medication, Liver lab levels were very High as if in Near Liver Failure, and white blood Cell count was very High.

8. Dr. Dennis Sent Plaintiff to local Hospital For Chest and Organ CAT scan due to the blood labs, and to have other Blood Labs Done For possible other causes such as Hepatitis. ALL Testing for Hepatitis came back Negative. The Medication's side effects Caused this Pain and Suffering.

9. Defendant was NOT Allowed due to Routine Practice of Further medical being Denied From DAC "UR" and OR "D-TARC" DeFacto Ban of Further WPATH medical treatments, to Compentally and Adequately and Constitutionaly Care For Plaintiff Due to a sham process whitch always says NO To Further medical Care of even Basic medical Items such as Nair. This Act and Actions Nearly due to Procedural Process Routine Practice of Denial Nearly Cost Plaintiff their Health and Life.

3

Case 1:24-cv-00956-DAB-JGM    Document 37    Filed 05/09/25    Page 3 of 14

10. Dr. Dennis is NOT A Gender Dysphoria medical Expert, NOR are most ALL other prison Doctors.

11. In Defendants individual Capacity she knownly works under a policy and the Procedure Routine Practice that severly limits their Ability to Adequately oR to compently treat Transgender's and the Plaintiff.

12. Plaintiff showed Dr. Dennis the Court oRder 1:21CV880 and Copy of Vital records Certification of Gender Required Evidence to Certify Female Gender to correct Plaintiffs Gender on Birth Certificate, and For prison I.D. and prison Health Care Computer system to show Correct Gender of Female. Defendant Refused on two Reasons in personal objection and that PrisonPolicy did not include any policy Requiring Defendant to Assist with Gender Certification Required in N.C.G.S. 130A—118 (a).

13. Therefore, the Aforesaid represents a Genuine Issue [s] of Material Fact [s]

4

For Rule 12 (F.R.C.P) purposes and Further more, the foregoing tend to promulgate "A Ground upon which Relief Can be Granted", As A matter of Law under §1983, and under Rule 8(a), and Rule 12 (b)(6).

14. As to Indifference to Plaintiff's serious medical Need, Gender Dysphoria, It is highly indifferent to have Routine Practice, that Delay's, Deffers, Denies Full medical care of multy-step-medical process, which allows Hormone therpy and plaintiff to grow Breasts but denies all Further treatments of the World Professional Assocation of Transgender Health's Standards of Care, ("WPATH-SOC").

15. Plaintiff Never made a Medical Negligence Claim under Rule 9(J) of North Carolina Rules of Civil Procedure Nor a state TORT ACT, This Complaint centers on process procedural Instutional Routine practice which violates Plaintiff's State Laws and Constitutional Rights.

16. Plaintiff in initial Filing did Motion the Court For Rule 35 Examinations.

5

17. Plaintiff contends that DAC and Defendants and officials, Have a Constitutional obligation to provide Plaintiff with the medically Necessary Care she requires, including treatment For gender Dysphoria; Specifically, Plaintiff seeks evaluation For Gender-affirming Surgery For the treatment of Gender dysphoria.

18. By denying the requested treatment, plaintiff contends Defendants have violated plaintiff's rights under Federal and state law, and seeks declatory and injunctive relief, and damages.

19. Plaintiff Filed For Order Compelling Defendants to Make Defendant Available For Rule 35 Examinations, For mental and medical Experts in Feild of Gender Dysphoria, there is mentat and physical Condition in Controversy, Plaintiff demonstrated that good cause exists For the examinations, and For Plaintiffs Expert testimony at trial Fed. R. Civ. P. 35 (1)(2).

20. Plaintiff shows Controversy in Action (1) Plaintiff asserts deliberat Indifference, intentional or Negligent infliction of emotional distress; (2) plaintiff Claimed unusually severe emotional distress; (3) plaintiff alleges specific type

6

Case 1:24-cv-00956-DAB-JGM   Document 37   Filed 05/09/25   Page 6 of 14

of Disorder or other psychiatric injury; (4) plaintiff has a Constitutal Right to offer her own expert testimony to supplement her claim of emotional distress (5) the plaintiff concedes that her medical condition is in Controversy pursuant to Rule 35.

Simon V. Bellsouth Advert. and Publ'g Corp., 2010 U.S. Dist LEXIS 46388, at *5 (W.D.N.C. mar. 31, 2010. Regarding the "good cause" requirement plaintiff Asserts that:

The rule "stipulates that good cause exists For an independent medical evaluation where the Claimant's condition is not only relevant but necessary."

21. Plaintiff shows Aforesaid in opposition to Defendant's motion to dismiss Due to Rule 9 (5), Experts were motioned For in advance in initial Filing of Complaint, Not For medical malpractice, For other Constitutal and state rights.

22. In De'lonta V. Johnson, 708 F, 3d 520 (4th Cir. 2013) The appellate Court reasoned that the case should Not have been dismissed Because De'lonta had stated a

7

Plausible Eighth Admendment Claim. In Particular, the Fourth Circuit Cited Favorably to an Eighth Circuit decision which noted that " grossly incompetent or inadequate care can [also] constitute deliberate indifference" Citing: <u>Langford V. Norris, 614 F.3d 445, 460 (8th Cir. 2010)</u> The Fourth Cir, in <u>De'lonta</u> stated "that Plaintiff should be permitted, at her own expense, to obtain an expert evaluation regarding her medical condition See: <u>Silverstein V. Fed. Bureau of Prisons, 2009 WL 1451684, #4 (D. Colo. 2009)</u>

23. Plaintiff same as in <u>De'lonta, 708 F.3d at 526 n. 4</u> ("we struggle to discern how De'lonta could have possibly" proven that she has a medical need for SRS if she has "never [been] allowed to be evaluated by a GID specialist in the first place").

24. Plaintiff's has stated A Eighth Admendment claim that sufficiently plausible to survive screening Pursuant to 28 U.S.C. §1415A.

25. In Opposition to Defendant's Motion to dismiss on Grounds of Qualified Immunity Plaintiff Argues Defendant had Fair Notice of law, Court Orders, state Law that Apply to

8

to Plaintiff's Claims, **And** can be subject
to Suit For damages for Violating : G.S.
130A-118 (A) (gender marker Law); 1:21CV480
the Consent Judgement ORder Dated SO
ORDERED on 22nd day of June 2022, and
The prior Eighth Admendment Violation
ORder From Case Kanautica Zyre-Brown V.
North Carolina Deptrtment of Public Safety, etal.,
Case No. 3:22-CV-191-MOC-DCK

Citing: Hope V. Pelzer, 536 U.S. 730, 739-
40, 122 S. Ct. 2508 (2002).

26. Defendant did have Fair Notice, and did
Violate "Clearly established statutory oR
Constitutional rights of which a reasonable
Person would have known", Also Plaintiff
showed copies of orders, LAW(s), General
statute's in print ALL medical and mental
Health providers knew and Had Notice.

Citing: Harlow V. Fitzgerald, 457 U.S. 800,
817-18, 102 S. Ct. 2727 (1982). "In Light of
Clearly established law and the information
the [defendant] possessed. Defendant [s], etal.,
Violated Plaintiff knownly, Active Concert with DAC.

9

27. Under An objective standard, it is not a defense that officials did not actually know what the law required.
Citing: <u>Chandler V. Baird, 926 F.2d 1057, 1060 (11th Cir. (1991))</u> (Fact that neither defendant "understood" that their actions were illegal did not establish Qualified immunity).

28. Plaintiff seeks declaratory and injunctive relief and damages in Defendants official Capacity, even if Plaintiff is seeking claims in individual Capacity and Qualified immunity Bars individual Capacity. Qualified immunity is NOT a defense Available in An Official Capacity suit brough against a government entity or a government officer as that entity's agent See: <u>Graham, 473 U.S. at 165-66, 105 S. Ct. 3099</u> citing <u>Kentucky</u>
<u>V. GRAHAM NO. 84-849</u>

29. Defendant Dennis is NOT under Qualified immunity For she is a Employee of DAC who Acts under Color of State Law, and is NOT Protected under Qualified immunity citing: <u>Hinson V. Edmond, 192 F.3d 1342, 1345-47 (11th cir. 1999).</u>

10

Case 1:24-cv-00956-DAB-JGM    Document 37    Filed 05/09/25    Page 10 of 14

30. Plaintiff contends that her serious medical need is Not Being treated with the High Professional standard Defendant has submitted motions, Actions, pleadings that Lable her medical Condition "Gender dysmorphia" this is Intentional and Highly unprofessional Ms. Frazier's medical Condition is Gender Dysphoria.

## Conclusion

For the Reasons stated and Authorities cited in opposition of Defendants motions, Plaintiff Respectfully requests that this Court dismiss, with prejudice, Defendants motions to dismiss. Plaintiff stated a claim pursuant Rule 12 (b)(6) of Fed. R. Civ. P., Plaintiff never stated a medical or Negligence Claim at all as to Defendant, Defendant has no Qualified immunity, And asks Court for Relief as this Court deems Just and proper

Respectfully Submitted this, the 4th day of MAY, 2025.
Pro se, Plaintiff, Michael Frazier
/s/ Ms. Michael Ruth Frazier

11

UNITED States DISTRICT COURT
for the MIDDLE DISTRICT OF North CAROLINA
1:24-CV-00956-WO-JLW

Michael Louis Frazier, ) CERTIFICATE OF
        Plaintiff, ) COMPLIANCE
v. ) WITH Local RULE
North Carolina Dept. ) 7.3(d)(1)
OF ADULT CORRECTIONS, )
et al., Defendants )

   I hereby certify that (Response in
opposition to Defendants Motion to Dismiss)
And (memorandum of Law IN opposition to
Defendants Motion to Dismiss Plaintiff's
complaint). As required by Local Rule
7.3(d)(1) the plaintiff certifies
compliance and does Not exceed 6,250
word(s).
        Respectfully submitted this, the
4th day of MAY, 2025

        by: Plaintiff /s/ Ms. Michael Frazier
            Michael Louis Frazier
            NASH CI   NCDAC#0966292
            PO 600, Nashville, NC 27856

Case 1:24-cv-00956-DAB-JGM   Document 37   Filed 05/09/25   Page 12 of 14

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-CV-00956-WO-JLW

Michael Louis Frazier, )
            Plaintiff, )       CERTIFICATE
                       )            of
V.                     )
North Carolina Dept. of )       SERVICE
Adult Corrections,     )
et al., Defendants.    )

        I hereby certify that on __4th of MAY__ __2025__ I served the foregoing ( Response in opposition to Defendants motion To Dimiss) and ( Memorandum of Law In opposition to Defendants motion to Dismiss Plaintiff's Complaint) upon the Defendants and Parties listed below by delivering the same to the officials at __NASH Correctional__ __Insitution__, for placement in the United States mail, postage prepaid.

        Maria Papoulias Wood, Attorney For Defendant, Kelly Dennis, NC BAR# 29010
            5420 Wade Park Boulevard, Suite 130
            Raliegh, N.C. 27607

and in mailto the Court

OFFice of THE CLERR
United STATES DISTRICT COURT
324 West Market street, Room 401
Greensboro, NC 27401

DATE: 4 th, of MAY, 2025

/s/ Ms.Michael LuluBell Michaelle Frazier
/p/ Michael Louis Frazier
'AKA' LuluBell Michaelle

2