# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL LOUIS FRAZIER, a/k/a
LULUBELL MICHELLE FRAZIER,

    *Plaintiff,*

  v.

NORTH CAROLINA DEPARTMENT
OF ADULT CORRECTIONS, *et al.*,

    *Defendants.*

Case No. 1:24-cv-956

## <u>DENIAL OF DEFAULT</u>

    This matter comes before the Clerk of Court to consider Plaintiff's request for entry of default against (FNU) Officer Goodman, Doc. 49. Under Fed. R. Civ. P. 55(a), a clerk of court must enter a party's default if the requesting party shows, by affidavit or otherwise, that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.

    The Plaintiff's request for entry of default must be denied. There is no evidence to establish that this Defendant has failed to plead or otherwise defend after being properly served or having waived service. Therefore, the time for the Defendant to answer or otherwise plead has not yet expired.

    Upon review of the docket, it appears that a waiver of service for Defendant Goodman was not prepared and sent to the Department of Public Safety or Attorney General with the packet transmitted on January 16, 2025, Doc. 6. The undersigned has

directed a deputy clerk to issue such a waiver in accordance with Standing Order 19

**FORTHWITH.**

Accordingly, Plaintiff's request for entry of default, Doc. 49, is **DENIED**

**WITHOUT PREJUDICE**.

/s/
Lawrence H. Cunningham
Clerk of Court

Dated: June 12, 2025
Greensboro, North Carolina