THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILE No. 1:24-CV-956

|  |  |  |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) | |
| | ) | **DEFENDANTS' MEMORANDUM IN** |
| Plaintiff, | ) | **SUPPORT OF MOTION FOR** |
| | ) | **PROTECTIVE ORDER AND** |
| v. | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **MOTIONS** |
| NC DEPARTMENT OF ADULT | ) | |
| CORRECTION, ET AL, | ) | |
| | ) | |
| Defendants | | |

NOW COME Defendants, by and through counsel, and request entry of a Protective Order and respond to Plaintiff's pending motions [D.E. 41; D.E. 42; D.E. 43; D.E. 47; D.E. 49] as follows

## STATEMENT OF THE CASE AND FACTS

Plaintiff, Michael Louis Frazier, is an inmate in the custody of the North Carolina Department of Adult Correction ("NCDAC") who commenced this action by filing a *pro se* Complaint on November 18, 2024, pursuant to 42 U.S.C. §1983. [D.E. 1] Plaintiff named 31 people and the Department of Adult Correction as Defendants, specifically:

a. North Carolina Department of Adult Correction ("DAC"), Todd E. Ishee, Brandeshawn Harris, Gary Junker, Dr. Lewis Jonathan Peiper, Josh Panter, Sarah Cobb, Jessica Laub, Dr. Collins, Dr. Carmen Hendricks, Charlotte Williams, Terri Catlett, Elton Amos, Valerie Langley, Timothy Jones, Mrs. Amanda Ruiz, Sgt. Rene Hernandez, Sgt. Cameron Evans, Sgt. Richard Wargo, Officer Kenneth Martin, Captain Helena Locklear, Sgt. Wayne Timmons, Officer John Hunt, Amanda Faulk, Officer Ms. Mary Beutler, Mr. Ozidine, Officer Mr. Justin Hardee (DAC Defendants);

b. Dr. Arthur Campbell, Dr. Brian Sheitman, Dr. Abhay Agarwal, FNP Diane Browning,

PA Carmen Hendricks (represented by Jennifer D. Maldonado);

c. RFNP Kely Dennis, (represented by Maria Papoulias Wood).

On December 5, 2024, the court entered an order allowing Plaintiff to proceed with his case as an indigent. [D.E. 5] On January 16, 2025, the court issued a notice of waivers sent to the NC DAC, indicating waivers are due by March 17, 2025. [D.E. 6] On March 14, 2025, Attorney Wood appeared on behalf of Defendant Dennis and filed her waiver, and moved for an extension of time to answer, up to and including April 7, 2025, which was granted. [D.E. 8, 9, 11] On March 17, 2025, Attorney Maldonado appeared on behalf of Defendants Campbell, Hendricks, Sheitman, Agarwal, and Browning, and filed their waivers of service. [D.E. 12-18] Also on March 17, 2025, DAC Defendants, with the exception of Richard Wargo and Beutler filed waivers of service and Notices Under Seal for issuance of summons were filed for Wargo and Beutler. [D.E. 19, 20] On March 20, 2025, summonses were issued as to Wargo and Beutler. [D.E. 21] On April 4, 2025, the summons was returned executed for Richard Wargo, causing his answer to be due on April 23, 2025. [D.E. 22] On April 7, 2025, Defendant Dennis moved to dismiss Plaintiff's Complaint. [D.E. 23, 24] On April 8, 2025, the summons for Mary Beutler was returned as having been served on March 31, 2025, causing her answer to be due on April 21, 2025. [D.E. 26] On April 9, 2025, Plaintiff notified the court of a change of address. [D.E. 27]

Mary Beutler was served on March 31, 2025, at her home by a U.S. Marshall who left a copy of the Complaint and Summons with a resident over the age of 18, however, Ms. Beutler was out of town at the time and did not return until several days later and was therefore confused about the actual date of service. Notwithstanding, she had contacted the prison facility, who told her she did not have to worry about it because the Attorney General's Office was taking care of it, but the facility then failed to contact the General Counsel's office or the Attorney General's office to let us know service

2

was effectuated. Consequently, Undersigned only found out Defendant Beutler was served when checking the docket to prepare this motion. Defendants Wargo and Beutler filed a motion for an extension of time to answer, up to and including May 16, 2025, the date for which the answer of DAC Defendants served by waiver is due. [D.E. 28] Defendant Beutler moved to have her motion deemed timely filed. [D.E. 29]

Plaintiff then moved for an extension of time to respond to Defendant Dennis's Motion to Dismiss. [D.E. 33] Plaintiff also moved the court for an order to amend the caption to reflect Plaintiff's preferred name and gender identity. [D.E. 34] Plaintiff responded to Defendant Dennis's Motion to Dismiss. [D.E. 36, 37] DAC Defendants and Defendants represented by Attorney Maldonado moved for an extension of time to answer, up to and including June 16, 2025. [D.E. 39] Defendant Dennis replied to Plaintiff's Response to Defendant Dennis's Motion to Dismiss. [D.E. 40]Prior to any Defendant filing an answer, Plaintiff has moved the court to reconsider its order on Plaintiff's Motion to Appoint Counsel [D.E. 41], moved for Request for Production of Documents, All Defendants [D.E. 42], filed a "Motion in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. [D.E. 43], a Motion for Leave to File an Amended Complaint [D.E. 47], a Motion for Entry of Default as to unserved Defendant FNU Goodman [D.E. 49] Defendants move for a protective order allowing them not to have to respond to Plaintniff's premature discovery requests until after an answer is filed and a case management order is entered.

<div align="center">QUESTIONS PRESENTED</div>

I.     Whether a protective order should be entered allowing Defendants not to answer Plaintiff's premature discovery?

II.    Whether a preliminary injunction should be entered?

<div align="center">**STANDARD OF REVIEW**</div>

"Questions of trial management are quintessentially the province of the district courts." *Stuart*

<div align="center">3</div>

*v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013), quoting *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); see also, e.g*., Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 194 (4th Cir. 1982) (noting that "many details of trial management" are "necessarily committed to broad trial court discretion"). This includes matters relating to discovery. *Lone Star Steakhouse & Saloon*, Inc. *v. Alpha of Va., Inc*., 43 F.3d 922, 929 (4th Cir. 1995) (Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.). Likewise, preliminary injunctive relief is an extraordinary remedy afforded before trial at the district court's discretion. *In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 524-26 (4th Cir. 2003).

## **LEGAL ARGUMENT**

**I.      DEFENDANTS SHOULD NOT BE REQUIRED TO RESPOND TO DISCOVERY PRIOR TO FILING AN ANSWER AND ENTRY OF A CASE MANAGEMENT ORDER.**

Rule 26 of the Federal Rules of Civil Procedure allows for a broad scope of discovery. It provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, Rule 26 also provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

In order to establish good cause, the party seeking a protective order must present a particular and specific demonstration of fact as to why a protective order should issue which demonstrates that the discovery sought lacks relevance to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006).

4

**A. PLAINTIFF'S VARIOUS REQUESTS FOR DISCOVERY ARE PREMATURE BECAUSE THE COURT HAS NOT YET ENTERED A SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 16.**

Local Civil Rule 26.1(b) for the Eastern District of North Carolina provides as follows: "In all civil actions, the parties shall schedule and conduct discovery in accordance with the order entered pursuant to Fed. R. Civ. P. 16." Generally, under Rule 16 of the Federal Rules of Civil Procedure, the district court or a magistrate judge must enter a scheduling order either after receiving a report from the parties under Rule 26(f), or after consulting with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(A) and (B). However, Rule 26(f) provides that parties in proceedings "exempted from initial disclosure under Rule 26(a)(1)(B)" are not required to confer for a discovery report. Fed. R. Civ. P. 26(f). However, under Rule 26(a)(1)(B)(iv), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv). Furthermore, the Rules of Civil Procedure separately provide that a party in an exempted proceeding under Rule 26(a)(1)(B) may not seek discovery unless "authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

In the instant case, Plaintiff is an inmate currently within the custody of the North Carolina Department of Public Safety proceeding *pro se*, and thus this proceeding is exempt from initial disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1)(B). Thus, Plaintiff may not seek discovery from Defendants until authorized by the Federal Rules of Civil Procedure, stipulation of the parties, or court order. Fed. R. Civ. P. 26(d)(1) (2012). As the Court has not yet entered a scheduling order governing discovery pursuant to Fed. R. Civ. P. 16, any request for discovery from the Plaintiff is, at this stage in the litigation, premature. Accordingly, Defendants respectfully request that this Court grant their motion for protective order pursuant to Fed. R. Civ. P. 26(c), find Plaintiff's previously submitted discovery requests improper and things to which Defendants need not respond,

5

and direct Plaintiff to refrain from engaging in discovery until such time as this Court has issued a scheduling order in accordance with Rules 16(b) and 26(d)(1) of the Federal Rules of Civil Procedure.

### B. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED.

Courts should grant preliminary injunctions only "sparingly." See *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). It is an extraordinary remedy, never awarded as a right. *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). For each case where preliminary injunctions or temporary restraining orders are sought, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24.

To obtain a preliminary injunction, Plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id*. at 20.

### (1) Plaintiff is not likely to succeed on the merits.

To demonstrate a likelihood of success on the merits, "[a] plaintiff need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

Plaintiff must have a likelihood of success on his ADA and constitutional violations claims. Under Title II of the ADA, "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132.

The Rehabilitation Act provides that "no otherwise qualified individual with a disability ...

6

shall, solely by reason of [his] disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The analysis under the Rehab Act is generally the same as under the ADA. *Freilich v. Upper Chesapeake Health, Inc*., 313 F.3d 205, 214 (4th Cir. 2002). Claims under the Rehab Act, however, require a showing of discrimination "solely by reason of' disability, 29 U.S.C. § 794(a), while under the ADA, a plaintiff must only show discrimination "by reason of' disability, 42 U.S.C. § 12132. As such, the causation standards are "significantly dissimilar."

Thus, to establish a prima facie ADA and Rehab act case Plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Miller v. Hinton*, 288 Fed. App'x 901, 902 (4th Cir. 2008) (citations omitted). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2). The duty of reasonable accommodation, however, must also consider whether the institution's actions are related to legitimate penological interests. See *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987); *Tarmey v. Boles*, 400 F.Supp.2d 1027, 1050 (E.D. Mich. 2005) (noting that courts have applied *Turner* to ADA and Rehab Act claims). A plaintiff must also establish an actual injury from any alleged ADA or Rehab Act violation. See *Rosen v. Montgomery Cty. Md*., 121 F.3d 154, 158 (4th Cir. 1997).

Preliminarily, Plaintiff has not established that Plaintiff was denied services or participation in programs or activities in Plaintiff's complaint.

North Carolina prisons are not Plaintiff's personal concierge. Plaintiff is in prison. "It is to be expected that conditions of confinement under such circumstances are oftentimes less than ideal."

7

*Slocumb v. Wood*, 2014 U.S. Dist. 154451, *31 (D.S.C. Sep. 29, 2014) citing *Hadley v. Peters*, No. 94-1207, 1995 U.S. App. LEXIS 31941, 1995 WL 675990 *8 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S. Ct. 1333, 134 L. Ed. 2d 484 (1996) ["prisons are not required to provide and prisoners cannot expect the services of a good hotel."] (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

As to Plaintiff's alleged Eighth Amendment violations for deliberate indifference does not present a likelihood of success. Plaintiff's claims are largely issues with medical treatment and issues with PREA policy as delineated under the Code of Federal Regulations. These are not claims likely to succeed.

To prove the second element, Plaintiff must show that the irreparable harm faced in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel*, *Ltd*., 952 F.2d at 812. Without a clear showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Di Biase v. SPX Corp*., 872 F.3d 224, 230 (4th Cir. 2017) (a "possibility" of irreparable harm is insufficient to satisfy the movant's burden); *Winter*, 555 U.S. 7, 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief.").

Here, Plaintiff's allegations are speculative, at best and Plaintiff fails to present a showing of eminent actual injury. Plaintiff's support for requesting a need for an injunction relies on a series of actions relating to purported threats from prison staff relating to legal mail and other complaints that might result in a situation where other prisoners might exist, who might cause Plaintiff harm. Plaintiff's Complaint otherwise presents claims grounded in differences in medical treatment and

issues with prison policies following federal PREA regulations, which are not the type of claims supporting a need for preliminary injunctive relief.

In the analogous case of *Chamberlain v. Va. Dep't of Corr.*, a preliminary injunction was denied for lack of eminent injury when the doctor stated the plaintiff did not need the medications requested by the plaintiff and that the plaintiff will continue to be treated as deemed appropriate. 2020 U.S. Dist. LEXIS 177361, *11, 220 WL 5778793 (W.D.Va. Sep. 28, 2020). *Chamberlain* provided a comparison of cases where an injunction was granted, showing courts found the presence of injury in two cases where inmates entered incarceration with a prescription, stopping the prescription would be painful and potentially deadly, and the prescriptions from outside treatment providers prior to incarceration were disregarded without justification. *Id*, 2020 U.S. Dist. Lexis, at *14. Like in *Chamberlain,* Plaintiff has gone years without his requested retail clothing and the declarations provided by prison officials unequivocally demonstrate no injury will be incurred from not allowing Plaintiff to wear Wrangler jeans and Cabela's shirt-jackets; and Plaintiff will be provided clothing appropriate to meet his needs by Correction Enterprises. Exhibits 4, 5.

**(2) The balance of equities does not tip in Plaintiff's favor**

Plaintiff does not meet the element of tipping the equities in Plaintiff's favor. Plaintiff's purported needs are abundantly and clearly offset by the equities of the need for the prison facility to maintain order and security, and providing consistent treatment to the prison population. *Procunier v. Martinez*, 416 U.S. 396, 405 (1974); *Cutter v. Wilkinson,* 544 U.S. 709, 723 (2005); *DeMoss v. Crain*, 636 F.3d 145, 153-54 (5th Cir. 2011) (per curiam) (finding no clear error in district court's conclusion at bench trial that grooming policy furthered compelling interests within a prison based on security concerns such as easy identification, gang affiliation, and the ability to conceal contraband within a beard).

Further demonstrating the equities tip in Defendants favor, because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief" and cannot be "availed of to secure a piecemeal trial." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather than maintaining the status quo between the parties, granting Plaintiff's requested relief would require prison officials to expend substantial effort and resources and would circumvent established VDOC procedures on these matters. Defendants should not be put to these burdens before having a chance to develop the issues through the normal litigation processes. *Id*.

> **(3)      An injunction is not in the public interest.**

Plaintiff's issues are not in the public interest. "[T]he public interest is best served if courts do not get involved with the daily operations of a prison or sheriff's office, especially prior to the finding of a constitutional violation." *Bartlett v. Smith* 2019 U.S. Dist. Lexis 35615, 2019 WL (E.D.N.C. Mar. 5, 2019); *Florence v. Board of Chosen Freeholders of County of Burlington,* 566 U.S. 318, 328, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012); *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons.").

> **C.  Other Outstanding Motions**

Defendants take no position on Plaintiff's motion to amend the pleading or Plaintiff's motion for appointment of counsel.

<div align="center">

**<u>CONCLUSION</u>**

</div>

For the forgoing reasons, Defendants Motion for a Protective Order to prevent them from having to respond to Plaintiff's premature discovery should be granted and Plaintiff's Motion for a

<div align="center">

10

</div>

Preliminary Injunction should be denied.

This the 13th day of June, 2025.

JEFF JACKSON
ATTORNEY GENERAL

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No.  35449
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6540
Facsimile: (919) 716-6761
E-Mail:	jmilholland@ncdoj.gov

BATTEN MCLAMB SMITH, PLLC

/s/ Jennifer D. Maldonado
Jennifer D. Maldonado
N.C. State Bar No.: 25708
Attorneys for Defendants Dr. Arthur L.
Campbell, Dr. Abhay Agarwal, P.A. Carmen
Hendricks, and RFNP Diane Browning
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Telephone: (919) 439-2221
Facsimile: (919) 780-5382
jmaldonado@battenpllc.com

11

# CERTIFICATE OF WORD COUNT

I hereby certify that the forgoing memorandum in support of Defendant's Motion for protective order and response to Plaintiff's motion for preliminary injunction, appointment of counsel, and to amend complaint, complies with the word count limits pursuant to Local Rule 7.3 and is less than 6,250 words.

Respectfully submitted, this, the 13th day of June 2025.

<div style="margin-left:40%">

**JEFF JACKSON**
**ATTORNEY GENERAL**

s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No. 35449
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6500
Facsimile: (919) 716-6761
E-Mail: jmilholland@ncdoj.gov

</div>

12

**CERTIFICATE OF SERVICE**

I hereby certify that, on the above date, I filed electronically a copy of the foregoing utilizing the CM/ECF System. I also certify that, on the date below, I caused Plaintiff, a *non-CM*/ECF participant, to be served a copy of the foregoing document by depositing a copy of same in the United States mail, first-class postage prepaid, addressed as follows:

Maria Papaulias Wood
Hall Booth Smith, P.C.
5420 Lake Park Blvd., Ste 130
Raleigh, NC 27607
Email: mwood@hallboothsmith.com

Jennifer D. Maldonado
BATTEN MCLAMB SMITH, PLLC
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Email: jmaldonado@battenpllc.com

Michael Louis Frazier
OPUS No. 0966292
Harnett Correctional Institution
1210 E. McNeil Street
Lillington, NC 27546
*Pro Se Plaintiff*

This the 13th day of June, 2025.

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General

13