THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILE No. 1:24-CV-956

|  |  |  |
|---|---|---|
| MICHAEL LOUIS FRAZIER, | ) ) ) | **DEFENDANTS' MEMORANDUM IN** |
| Plaintiff, | ) ) | **SUPPORT OF MOTION TO EXCEED WORD COUNT** |
| v. | ) ) | **L.R. 7.2** |
| NC DEPARTMENT OF ADULT CORRECTION, ET AL, | ) ) ) ) | |
| Defendants | | |

NOW COME Defendants North Carolina Department of Adult Correction ("DAC"), Todd E. Ishee, Brandeshawn Harris, Gary Junker, Dr. Lewis Jonathan Peiper, Dr. Elton Amos, Josh Panter, Sarah Cobb, Jessica Laub, Dr. Collins, Charlotte Williams, Terri Catlett, Valerie Langley, Timothy Jones, Mrs. Amanda Ruiz, Sgt. Rene Hernandez, Sgt. Cameron Evans, Sgt. Richard Wargo, Officer Kenneth Martin, Captain Helena Locklear, Sgt. Wayne Timmons, Officer John Hunt, Amanda Faulk, Officer Ms. Mary Beutler, Mr. Oxendine, Officer Mr. Justin Hardee, and Susan Goodman (hereinafter "DAC Defendants"), by and through Special Deputy Attorney General J. Locke Milholland, IV, and Defendants Dr. Arthur Campbell, DR. Brian Sheitman, Dr. Carmen Hendricks, Dr. Abhey Argoloah, and FNP Diane Browning, represented by Attorney Jennie Maldonado, and hereby submit Moving Defendants' memorandum in support of their Motion to Exceed Word Count. In support, Defendants show as follows:

## STATEMENT OF THE CASE AND FACTS

Pursuant to LR 7.3(d), Memoranda should not exceed the 6,250-word limit applicable to a brief in support of a motion (other than those motions set out in L.R. 7.3(j). Moving Defendants' (a total of thirty-one) deadline to answer or otherwise plead is August 14, 2025.

Two separate attorneys represent Moving Defendants and will be filing a Joint Motion to Dismiss and Joint Memorandum in Support of their motion to Dismiss. The proposed filings are filed subsequent to the motion to exceed word count and this memorandum and are otherwise offered as Moving Defendants Motion to Dismiss and supporting brief. The Joint Memorandum in Support of Moving Defendants Motion to Dismiss contains 9,668 words, which exceeds the 6,250 word count set forth in LR 7.3(d). Counsel for Moving Defendants has tried to be as concise as possible with their Joint Memorandum but the types of defendants, number of defendants, variety of claims, and timeframe of allegations require an expansion of the word-count limit. Namely, Plaintiff has three-years worth of allegations and includes 42 U.S.C. § 1983 claims for violations of the Fourth, Eighth, and Fourteenth Amendment, with three types of Eighth Amendment violations and two types of Fourteenth Amendment violations, claims under the ADA and Rehab Act, and N.C. State Constitutional violations. Moving Defendants are exercising judicial economy by arguing defenses jointly, however, in order to allow Defendants to assert and argue defenses to the numerous claims, Defendants require more than the 6,250 words as otherwise limited. Rather than submit three different, but substantially similar Memorandum, Moving Defendants seek to extend the word count by 1,031 words. Otherwise, Moving Defendants will need to submit individual Memoranda, which would certainly fall well below the word-count limit. Judicial economy would best be served if Moving Defendants submit one Memorandum In Support of Their Motion to Dismiss.

Given the aforementioned circumstances, Moving Defendants seek permission and expansion of the word-count limit. Specifically, Moving Defendants respectfully move for an enlargement of the word count to 9,668 words.

### QUESTIONS PRESENTED

A. Whether Moving Defendants should be allowed to exceed the word count limit of Local

Rule 7.3(d).

## LEGAL ARGUMENT

Local Rule 7.3(d)(1) states that "briefs prepared on a computer in support of motions and responsive briefs shall not exceed 6,250 words…The word count shall include the body of the brief, headings, and footnotes.  The caption, signature lines, certificate of service, and any cover page or index are not included." L.R. 7.3(d)(1)

Local Rule 1.1 states the scope and purpose of the rules as follows:  "These local rules govern practice in the District Court for the Middle District of North Carolina consistent with the Federal Rules of Civil Procedure. These rules shall be interpreted and applied to foster civility in the practice of law before this Court, and to promote the just and prompt determination of all proceedings." L.R. 1.1. It is not uncommon for courts to allow parties to exceed the word count limits prescribed by local rules in order for parties to fully brief their positions. *Baytree Assocs. V. Dantzler,* 2008 U.S. Dist. Lexis 86546 In *Baytree*, the court had entertained two motions to exceed word counts on discovery briefs expanding the word count from 2,800 words as limited by EDNC L.R. 7.2(f)(3)(b) to 7,500 words. *Id*, at *3.

Plaintiff is a *pro se* inmate. Plaintiff has filed a 73-page complaint (DE-1) and 21-page supplemental complaint (DE-47-1) against 31 defendants alleging numerous claims and implicating multiple defenses. Issues raised and argued in Defendants' brief include:

Claims raised under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, violations of the Americans with Disabilities Act and Rehab Act, and violations of the North Carolina Constitution. Within the alleged Eighth Amendment violations, Plaintiff alleges violations of conditions of confinement through sexual harassment, excessive force, and deliberate indifference to medical issues. Plaintiff alleges both Equal Protection and Procedural

3

Due Process violations under the Fourteenth Amendment. Given the number and types of Defendants, Plaintiff's Complaint and supplemental Complaint trigger defenses for Eleventh Amendment immunity, lacking specific allegations, asserting claims that are not viable on their face, and claims that lack subject matter jurisdiction to be heard.

All of these claims and defenses require being addressed in order to allow Defendants a fair opportunity to defend the action and doing so requires exceeding the word count. Thus, Defendants required more than 6,250 words. Specifically, the Memorandum is approximately 9,668 words not including the case caption, signature block, and certificate of service.

Regardless of word count, Defendants believe that their Memorandum is concise. The Defendants have joined in a motion to dismiss with joint brief in support with multiple codefendants, economizing judicial resources, and have collectively argued against claims and collectively raised defenses. To deny any Defendant or group of Defendants the opportunity to fully support a valid defense would be contrary to the scope and purpose of the rules, L.R. 1.1, and would deny that defendant justice.

## <u>CONCLUSION</u>

For the forgoing, Moving Defendants should be allowed to exceed the word limit as prescribed by Local Rule 7.3(d) and file their joint brief with 9,668 words.

This the 14th day of August, 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No.  35449
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6540
Facsimile: (919) 716-6761
E-Mail:        jmilholland@ncdoj.gov


**BATTEN MCLAMB SMITH, PLLC**

/s/ Jennifer D. Maldonado
Jennifer D. Maldonado
N.C. State Bar No.: 25708
Attorneys for Defendants Dr. Arthur L.
Campbell, Dr. Abhay Agarwal, P.A. Carmen
Hendricks, and RFNP Diane Browning
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Telephone: (919) 439-2221
Facsimile: (919) 780-5382
jmaldonado@battenpllc.com

# CERTIFICATE OF WORD COUNT

I hereby certify that Defendants' Memorandum in Support of their motion to exceed word count complies with the word count limits pursuant to Local Rule 7.3(d) and is less than 6,250 words.

This the 14th day of August, 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No. 35449
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6540
Facsimile: (919) 716-6761
E-Mail:        jmilholland@ncdoj.gov

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the above date, I filed electronically a copy of the foregoing utilizing the CM/ECF System. I also certify that, on the date below, I caused Plaintiff, a *non-CM*/ECF participant, to be served a copy of the foregoing document by depositing a copy of same in the United States mail, first-class postage prepaid, addressed as follows:

Maria Papoulias Wood
Hall Booth Smith, P.C.
5420 Lake Park Blvd., Ste 130
Raleigh, NC 27607
Email: mwood@hallboothsmith.com

Jennifer D. Maldonado
BATTEN MCLAMB SMITH, PLLC
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Email: jmaldonado@battenpllc.com

Michael Louis Frazier
OPUS No. 0966292
Harnett Correctional Institution
1210 E. McNeil Street
Lillington, NC 27546
*Pro Se Plaintiff*

This the 14th day of August, 2025.

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General

7